UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KENNETH J. WARD, JR,

                Plaintiff,

-against-

NEW YORK STATE; VETERANS
ADMINISTRATION; THE NATIONAL ARCHIVES;
NEW YORK STATE D.M.H.; JEANNE MORRISON;
KEVIN PRATT; NASSAU COUNTY; NASSAU
COUNTY UNIVERSITY MEDICAL CENTER;
CHUJUN YUAN M.D.; Nassau County Detective
MICHAEL THEODORE; Nassau Police Sargent
TRIOSE; Nassau Police Officer SALVATORE 3328;
Nassau Police Officer 3027; Nassau Police Officer 2330;
Nassau Police DOE 1–7; Nassau County University
Medical Center DOE 1–7; and DOE 1–9;

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5316 (CBA) (RER)

**AMON, United States District Judge:**

On September 2, 2015, plaintiff Kenneth J. Ward, Jr. filed this pro se action against defendants alleging civil rights violations pursuant to 42 U.S.C. § 1983 and state law. (See D.E. # 1.) On March 7, 2016, plaintiff filed an amended complaint. (See D.E. # 7, "Am. Compl.") For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted and this action is dismissed in part, proceeding only as set forth below.

## BACKGROUND

Ward alleges that on July 16, 2015, he sought assistance from the Department of Veteran Affairs or the Veterans Administration, but that instead of providing assistance, defendant Jeanne Morrison, allegedly a supervisor, called the Nassau County Police. (See, e.g., Am. Compl. ¶¶ 1–5.) Plaintiff alleges that the police—specifically defendants Nassau Police Officer Salvatore,

1

Nassau Police Officer #3027, and Nassau Police Officer Sergeant Triose—"took [him] in an ambulance to Nassau University Medical Center against [his] will." (See id. ¶¶ 7–9.) Plaintiff avers that he was involuntarily held at the psychiatric ward of the Nassau University Medical Center from July 16, 2015, until July 22, 2015, where he was forcibly medicated. (See, e.g., id. ¶¶ 9–11.) Plaintiff further alleges that while he was detained in the psychiatric ward, defendant Detective Theodore searched his vehicle and his apartment without authorization. (See, e.g., id. ¶ 84.) He seeks damages and declaratory and injunctive relief.

## STANDARD OF REVIEW

A district court may dismiss an in forma pauperis action where the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief can be granted if it does not plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint plausibly states a claim if the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

A court must construe a pro se litigant's pleadings liberally and interpret them to raise the strongest arguments they fairly suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Liberal construction is especially important when a pro se litigant's pleadings allege civil rights

violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Lastly, a pro se complaint should not be dismissed without granting a pro se litigant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

**DISCUSSION**

I. **Sovereign Immunity**

The Court lacks subject matter jurisdiction over plaintiff's claims against the State of New York and the New York State Department of Mental Health. The Eleventh Amendment prevents states from suit in federal court for any relief. See U.S. Const. amend. XI; Alabama v. Pugh, 438 U.S. 781, 782 (1978); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Eleventh Amendment bars suit regardless of the relief sought). Further, the Eleventh Amendment "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); see also Volpe v. Conn. Dep't of Mental Health & Addiction Srvs., 88 F. Supp. 3d 67, 76 (D. Conn. 2015) (state department of mental health entitled to sovereign immunity); Harper v. N.Y. Child Welfare Comm'rs, No. 12-CV-0646 (NAM) (DEP), 2012 WL 3115975, at *4 (N.D.N.Y. May 14, 2012) (same). Although Congress has the power to abrogate state sovereign immunity, "it is well settled that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983." Sargent v. Emons, 582 F. App'x 51, 52 (2d Cir. 2014) (citing Quern v. Jordan, 440 U.S. 332, 335 (1979)). And "New York has not consented to § 1983 suits in federal court." Mamot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–40 (2d Cir. 1977)). Accordingly, plaintiff's claims against the

State of New York and the New York State Department of Mental Health are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Similarly, sovereign immunity bars plaintiff's claims against the Veterans Administration ("VA") and the National Archives and Records Administration ("NARA"), including their employees, defendants Jeanne Morrison and Kevin Pratt. "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (same). Accordingly plaintiff's claim are dismissed against the VA, the NARA, and Jeanne Morrison and Kevin Pratt in their official capacities. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff also fails to state a claim against Morrison and Pratt in their individual capacities. Alleged victims of constitutional violations can recover damages against federal officials in Bivens actions brought against the federal officers involved in their individual capacities. See, e.g., Robinson, 21 F.3d at 510.[1] But plaintiff alleges no facts from which the Court can infer that Robinson or Pratt violated plaintiff's constitutional rights. As alleged, Pratt told the plaintiff to call the VA, (see Am. Comp. ¶¶ 16–17, 57–58, 146–47), and Morrison offered to help plaintiff and later phoned the police, (see id. ¶¶ 2–5, 19–29, 60–71, 149–60). Even liberally construed, none of these actions constitutes a violation of plaintiff's constitutional

---

[1] Although plaintiff purports to bring his claims against Robinson and Pratt under § 1983, it is properly construed as a Bivens action because they are federal, not state, actors. See, e.g., Robinson, 21 F.3d at 510 (construing § 1983 claims brought against federal agency and officers as Bivens claims); Daloia v. Rose, 849 F.2d 74, 76 (2d Cir. 1988) (same).

4

rights. Plaintiff's claims against Morrison and Pratt are therefore dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Municipal Liability

Plaintiff likewise cannot sustain a claim against Nassau County. In order to sustain a claim for relief under § 1983 against Nassau County, a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). However, a mere allegation that a municipality failed to train its employees does not suffice. Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard."). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985); see also Hartnagel v. City of New York, No. 10-CV-5637, 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012) (holding single incident involving actor below policymaking level cannot give rise to Monell liability).

Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any municipal employee are attributable to a municipal policy or custom. Additionally, the complaint does not plead facts from which the

Court could infer a failure to train that rises to the level of deliberate indifference. Accordingly, the claims against Nassau County are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Personal Involvement

Ward's complaint against Nassau Police Officer 2330, Nassau Police Doe 1–7, and Doe 1–9 are dismissed as plaintiff offers no facts to hold these defendants liable for the alleged deprivation of his rights under 42 U.S.C. § 1983. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). To the extent plaintiff sues some or all of these defendants based on their roles as supervisors, the Supreme Court has held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." Iqbal, 556 U.S. at 676; see also Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014) (discussing supervisory liability).

Here, plaintiff fails to allege any facts to support a plausible claim that these defendants are responsible for any alleged deprivation of plaintiff's civil rights. Instead, the complaint makes only conclusory allegations that these defendants were involved in the alleged violations. (See, e.g., Am. Compl. ¶¶ 119–20 (listing Nassau Police Officer #2330 and Nassau Police Does 1–7 without alleging any factual actions taken); ¶ 121 (same, with respect to Does 1–9).)

Therefore, plaintiff's claims against Nassau Police Officer #2330, Nassau Police Does 1–7, and Does 1–9 are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## CONCLUSION

Ward's request to proceed in forma pauperis is granted. For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) against New York State, the Veterans Administration, the National Archives, the New York State Department of Mental Health, Jeanne Morrison, Kevin Pratt, Nassau County, Nassau Police Officer 2330, Nassau Police Doe 1–7, and Doe 1–9. No summons shall issue against these defendants, and the Clerk of Court shall amend the caption to reflect the dismissal of these parties.

The claims shall proceed against Nassau University Medical Center, Dr. ChuJun Yuan, Nassau University Medical Center Does 1–7, Nassau County Detective Michael Theodore, Nassau Police Sergeant Triose, Nassau Police Officer Salvatore #3328, and Nassau Police Officer #3027.

The Clerk of Court shall issue a summons against these defendants, and the United States Marshals Service is directed to serve the summons, the amended complaint, and a copy of this Order upon these defendants without plaintiff's prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Nassau County Attorney.

This case is referred to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for pretrial supervision.

---

[2] Plaintiff once mentions officers not named in his caption: "As a result of John Doe Shield #687, #6814, and John Doe #16[' s] impermissible conduct, the Plaintiff was injured and harmed." (Am. Compl. ¶ 191.) Insofar as plaintiff brings suit against these John Doe officers, the claims are also dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 18, 2016
Brooklyn, New York

/S/ Judge Carol Bagley Amon
Carol Bagley Amon
United States District Judge